# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00491-NKL |
| | ) |
| NICOLE M. WALSH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Nicole Walsh moves to dismiss Plaintiff Geico Casualty Company's complaint for declaratory judgment, on the basis that a parallel proceeding involving the same parties is pending in state court. Doc. 4. For the following reasons, the motion to dismiss is granted.

**I.     Introduction**

On February 14, 2016, Nicole Walsh was seriously injured in an automobile accident with Adam Arbuckle. Walsh and Arbuckle subsequently entered into an agreement under Missouri Revised Statute § 537.065, whereby Arbuckle acknowledged that he was at fault, but the parties agreed Walsh would bring a lawsuit in Jackson County, Missouri to determine the extent of her injuries and the value of her damages. After obtaining a judgment, the agreement will limit Walsh's right to collect to any available insurance coverage, and potentially a bad faith claim. Walsh subsequently brought suit against Arbuckle in state court on January 9, 2017.

Walsh also had underinsured motorist coverage through her own insurer, Geico. She filed a UIM claim after her collision with Arbuckle, and took the position that her policy, which covers three vehicles, permits "stacking." Walsh asserts, therefore, that her policy has a

1

combined limit of $150,000. In December 2016, Geico informed Walsh that it would agree to pay $50,000, but that it believes the policy does not permit stacking. Walsh informed Geico's attorney that she intended to litigate the issue, and in light of the dispute, Geico filed the present declaratory judgment action on June 15, 2017.

On July 6, 2017, Walsh moved for leave to amend the petition in her state court case against Arbuckle, seeking to add Geico as a defendant and obtain judicial interpretation of the insurance policy. The next day, before that motion was granted, Walsh filed the present motion to dismiss, arguing that the issues in this declaratory judgment action can be better settled in the parallel state court action. Geico responded first by noting that Walsh had not yet been granted leave to amend her state court petition, and second that in the event Geico was added to the state court case, it would simply remove that case to federal court and consolidate it with this declaratory judgment action.

Walsh was subsequently granted leave to amend the petition in her state court case against Arbuckle, and shortly thereafter Geico indeed removed it to this Court. However, before the Court consolidated the two cases, it determined that complete diversity did not exist among the parties in Walsh's lawsuit against Arbuckle. Therefore, the Court remanded that action back to the Circuit Court of Jackson County, Missouri. *See Walsh v. Arbuckle*, No. 4:17-CV-00664, 2017 WL 4512586 (W.D. Mo. Oct. 10, 2017).

Geico's declaratory judgment action against Walsh remains, and so do Walsh's arguments in favor of dismissal. However, Geico's opposition brief was premised entirely on removal of the state court case. Therefore, after it ordered remand, the Court granted Geico two weeks to file any amendments to its opposition of this Motion to Dismiss. Geico declined to file any amendment.

**II.    Discussion**

Walsh argues that Geico's declaratory judgment action should be dismissed because it involves no matter of federal law, and because it can be more appropriately adjudicated in the parallel state court action, which involves the same parties, policy, and coverage issue.

With respect to cases brought under the Declaratory Judgment Act, district courts possess "unique and substantial discretion" in determining whether to hear the case, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995); *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) ("[I]n a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction . . . ."). "[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

When determining whether to abstain from exercising jurisdiction because of a parallel state court proceeding, the Court must consider "the scope and nature of the pending state court proceeding," and determine whether the issues "can be better settled by the state court." *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 874-75 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

The threshold question in determining whether to dismiss this suit is "whether there are parallel proceedings in state court that present an opportunity for the same issues to be addressed." *Atain Specialty Ins. Co. v. Frank*, No. 4:12-CV-01290-NKL, 2013 WL 12145863,

at *3 (W.D. Mo. Mar. 25, 2013). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). Factors relevant to whether proceedings are parallel include "the scope of the pending state court proceeding and the nature of defenses open there." *Wilton*, 515 U.S. at 282–83 (quotation omitted). Evaluating these factors "entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* at 283

Here, the parties and issues before the Court are identical to those that are before the state court. The state court case involves both Geico and Walsh, and also involves the exact same auto policy and UIM endorsement. Geico answered Walsh's amended state court petition, and asserted affirmative defenses that raise the exact same coverage issues as are raised here. Furthermore, interpretation of the insurance contract is governed by Missouri law. Therefore, the claims at issue in this declaratory judgment action can be more adequately resolved in state court.[1]

"So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention." *Clay Reg'l Water v. City of Spirit Lake, Iowa*, 193 F. Supp. 2d 1129, 1155 (N.D. Iowa 2002) (citing *Wilton*, 515 U.S. at 288 n. 2 (1995)); *Haverfield*, 218 F.3d at 875 n. 2 (8th Cir. 2000)). However, where the Court "see[s] no reason for the case to return to federal court . . . dismissal rather than a stay is appropriate." *Haverfield*, 218 F.3d

---

[1] That Geico filed its declaratory judgment action in federal court before Walsh amended her state court petition does not preclude a finding that the Court should abstain. The Eighth Circuit has "previously concluded that abstention was required even when the declaratory judgment action was filed months before the state-court action." *W. Heritage Ins., Co. v. Sunset Sec., Inc.*, 63 Fed. Appx. 965, 967 (8th Cir. 2003); *see Haverfield*, 218 F.3d at 873-74 (holding that district court abused its discretion in denying a motion to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding, even though the federal action was filed several months prior to the state suit).

4

at 875 n. 2. Walsh's state court action has already been removed to federal court and subsequently remanded for lack of subject matter jurisdiction. Accordingly, the Court does not see how this case could return to the federal courts, and therefore finds that dismissal is proper.

## III.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss, Doc. 4, is granted.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 12, 2017  
Jefferson City, Missouri